UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                      Case No. 05-CR-154

CHRISTOPHER JACKSON,

        Defendant.

_____

**ORDER**

On June 21, 2005, a grand jury sitting in this district returned a four-count indictment charging Christopher Jackson ("Jackson") with drug and firearm offenses in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 922 and 924. On August 12, 2005, Jackson was arraigned and entered pleas of not guilty to each of the four charges. Jackson is currently scheduled to proceed to trial on June 5, 2006. Before the court are Jackson's motion to dismiss the indictment and motion to obtain a chemical analyst. These matters have now been fully briefed, and for the reasons set forth below, both motions will be denied.

**ANALYSIS**

**I.    Motion to Dismiss the Indictment**

Jackson's motion to dismiss alleges the indictment fails to charge the elements of the offense, fails to charge the elements with sufficient specificity, contains fraudulent errors; and he further alleges that the indictment is deficient and unconstitutional in regards to the firearm charges at counts three and four. Jackson argues these deficiencies warrant dismissal of the indictment in its entirety.

When considering a motion to dismiss an indictment, a court assumes all facts in the indictment are true and must "view all facts in the light most favorable to the

government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir.1999); *see also United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1346, 1349 (N.D.Ill.1997). The question before a court on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find that a defendant violated a given statute, but whether the government "conceivably could produce [such] evidence at trial." *United States v. Castor*, 558 F.2d 379, 384 (7th Cir.1977). A court should dismiss the indictment only if the government's inability to produce sufficient evidence "so convincingly appears on the face of the indictment that as a matter of law" there is no need to proceed to trial. *Id.*

Additionally, the Seventh Circuit has articulated that an indictment must meet three preliminary requirements to withstand challenges to its sufficiency. First, an indictment must state the elements of the crime with which the defendant is charged; second, it must adequately apprise the defendant of the nature of the charges so that he can prepare a defense; and third, the indictment must allow the defendant to plead to the judgment to bar future prosecutions for the same offense. *United States v. Smith,* 230 F.3d 300, 305 (7th Cir. 2000); *see also* Fed. R. Crim. P. 7(c)(1)(2005). To begin, Jackson's indictment clearly complies with these three requirements; the indictment tracks the statutory language of section 841 and states the elements of the crime with which he's been charged; it adequately apprises Jackson of the nature of the charges in preparation for his defense; and the indictment is sufficiently detailed such that it would bar future prosecutions of this offense.

### a. Failure to Charge Elements of the Offense

Despite the indictment clearly complying with the *Smith* requirements, Jackson nevertheless contends that the indictment fails to properly charge each element of the offense. At Count One the indictment reads:

> [o]n or about May 18, 2005, Christopher L. Jackson knowingly and intentionally distributed a mixture and substance containing cocaine base in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code Section 841(a)(1) and 841(b)(1)(C).

(*Indictment* 1.)

At Count Two the indictment reads:

> [o]n or about May 18, 2005, in Milwaukee County, in the State and Eastern District of Wisconsin, Christopher L. Jackson knowingly and intentionally possessed with the intent to distribute a controlled substance. The offense involved 5 grams or more of a mixture and substance containing cocaine base in the form of crack cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841 (a)(1) and 841(b)(1)(B).

(*Indictment* 2.)

Section 841 states:

> [i]t shall be unlawful for any person knowingly or intentionally--
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. 841(2006). Clearly, each of the counts of the indictment set forth the elements of the offenses for section 841, they sufficiently track the statutory language of section 841, and do not fail to allege the elements of the offense in any of the ways Jackson argues.

### b.     Failure to Charge with Specificity

Jackson also complains that the indictment is deficient because it "does not specifically allege the exact drug amount," and he argues this omission violates his due process rights as articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (*See* Motion to Dismiss 5.). Jackson's reliance on *Apprendi* is misplaced. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

and proved beyond a reasonable doubt." 530 U.S. at 490. The implication of *Apprendi* for defendants charged with drug offenses under 21 U.S.C. § 841(a) is that they may not be subjected to a statutorily enhanced sentence based on drug type and quantity, as provided in § 841(b), without those elements being charged in the indictment and proven beyond a reasonable doubt. *See United States v. Nance*, 236 F.3d 820, 825 (7th Cir.2000).Therefore, the indictment is not deficient as Jackson argues; drug amounts will impact the sentencing guidelines and weigh in when the court determines the appropriate offense levels. Prior to sentencing, Jackson's *Apprendi* arguments are, at best, premature.

Jackson further states that the references to the criminal statutes need more specific citations in order to "establish adequate notice or sufficient indictment tracking." The court disagrees with Jackson's position; the indictment clearly provides adequate notice, and as stated above, it tracks the statutory language of section 841 quite closely.

### c. Fraudulent Errors in the Indictment

Jackson complains that the indictment as presented is fraudulent because the grand jury foreperson who signed the indictment dated it "6-21-04." Jackson argues this error warrants dismissal because the indictment is "defective, invalid, fraudulent, unconstitutional, and insufficient." (Motion to Dismiss 4.) This clerical error is not fraudulent in any of the ways Jackson attempts to argue, and the Seventh Circuit has directed that indictments are to be read in a common sense fashion, not in a "hyper-technical" manner. *United States v. Glecier*, 923 F.2d 496, 499 (7th Cir.1991) (citing *United States v. Gironda*, 758 F.2d 1201, 1209 (7th Cir.1985)). It is clear that the facts alleged in the indictment occurred in 2005, and indictment itself was filed in 2005; the year "2004" was simply an error made by the signatory and it does not affect the sufficiency of the indictment in any way.

### d. Possession of a Firearm

Jackson disputes that the firearm referenced in Counts Three and Four was possessed "in furtherance of a drug trafficking crime." Jackson further argues that the government will not be able to prove that the firearm was possessed to advance or promote the criminal activity with which he is charged. This is irrelevant; at this stage in the proceedings, the court construes the indictment as though each count alleged is true. *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir.1999). Arguing that the government will not be able to meet its burden of proof does not create any infirmity with the indictment; Jackson is free to challenge this charge and statutory provision at trial, but merely complaining that the indictment alleges a fact he believes to be untrue does not provide any reason for the indictment's dismissal. Similarly, Jackson's argument that there is no evidence on the face of the indictment that he has a prior conviction for a crime punishable by one year of imprisonment is without merit for the same reasons.

Finally, Jackson argues that Congress exceeded its power under the Commerce Clause in enacting 18 U.S.C. § 922(g), and thus it follows that section 922 is an unconstitutional statute that he may not be convicted under. However, Jackson's arguments about the Commerce Clause and the effect of the Supreme Court decisions in *United States v. Lopez,* 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000), on 18 U.S.C. § 922(g)(1) have been repeatedly rejected. *See, e.g. United States v. Fleischli,* 305 F.3d 643 (7th Cir. 2002) (determining 18 U.S.C. § 922(g) does not violate the Commerce Clause); *United States v. Mitchell*, 299 F.3d 632 (7th Cir. 2002)(affirming convictions under 18 U.S.C. § 922(g)). The Seventh Circuit has unequivocally held that section 922(g) does not suffer the same jurisdictional infirmities that the *Lopez* statute did,

and Jackson's arguments to the contrary are wholly without merit. *See United States v. Bell*, 70 F.3d 495, 498 (7th Cir. 1995).

## II.    Motion to Obtain a Chemical Analyst

Jackson moved for an order authorizing appointment of a chemical analyst to test the controlled substance that was found and constitutes evidence in connection with his criminal prosecution. Jackson cites to the Fifth and Sixth Amendments, Federal Rule of Criminal Procedure 16, and 18 U.S.C. § 3006(A)(e)(1)(3). Specifically, Jackson contends that the "alleged substance is less than 5 grams" and an independent analysis of the substance is vital to the defense because the expert could offer an analysis of the nature and weight of the substance. In the government's response, it explained that it does not have a position with regard to the appointment of an expert; but noted that the substances have already been tested and a report of the results was provided to Jackson. (Gov't Resp. 1-2.).

> 18 U.S.C. § 3006A(e)(1) provides:
> 
> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

Courts have held that it is not necessary to appoint a private expert in the absence of the defendant showing a particularized need for one. *United States v. Kennedy,* 64 F.3d 1465, 1470 (10th Cir. 1995). The Seventh Circuit has stated "[a]n appropriate test for determining when services falling under § 3006A(e) are necessary is 'whether a reasonable attorney would engage such services for a client having independent financial means to pay for them.'" *United States v. Goodwin*, 770 F.2d 631, 635 (7th Cir. 1985) (quoting *United States*

*v. Alden*, 767 F.2d 314, 318 (7th Cir.1984). Additionally, courts sitting in other circuits have articulated that meeting this "particularized need" requires the defendant to show "the exact expert services desired; the specific expected testimony of the expert; how and for what purpose the testimony will be used; and how the expected testimony is necessary to the defense," [and] "[a] showing of mere desirability of an expert is not sufficient to warrant the appointment of an expert witness at government expense." *United States v. Lee,* 1997 WL 445820 *3 (D. Kan. 1997).

Jackson's statement that an "independent analysis of the substance is vital to the defense" is simply conclusory; he provides no further explanation as to why he specifically needs an independent expert. In fact, the only reason he provides – that the substance in question is less than five grams – actually cuts against an argument that an independent analyst be appointed. Other courts considering defendant's motions to appoint an independent analyst have held that challenges to the weight alone are insufficient to allege a particularized need. *See United States v. Orteaga,* 150 F.3d 937, 944-45 (8th Cir. 1998)(denying the appointment of an independent expert to challenges of the weight of the alleged illegal substances); *United States v. Greathouse* 232 F.3d 902 (10th Cir. 2000); *United States v. Lee*, 1997 WL 445820 *2 (D. Kan. 1997)(stating that as a practical matter, the defendant may only challenge whether the substance in question is in fact illegal and whether there is a detectable amount of that substance; matters of weight and purity are generally only relevant to sentencing factors). Jackson has not challenged the primary basis of the government expert's test results, i.e., that the substances evaluated are in fact a mixture and substance containing cocaine in the form of crack cocaine, and therefore he has not satisfied the court of a particularized need to appoint an independent expert.

Should Jackson elect to proceed to trial, he will have an adequate opportunity to cross-examine each of the government's witnesses and challenge the validity of the protocols utilized in the identification of the substance and the results thereof. Since Jackson has not demonstrated a particularized need to obtain a private retesting and analysis of the substances, the court is obliged to deny his request.

Accordingly,

**IT IS ORDERED** that Jackson's motion to dismiss the indictment [Docket #42] be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Jackson's motion to obtain a chemical analyst expert [Docket #43] be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this   24th   day of May, 2006.

BY THE COURT:

  s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge