# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                    Case No. 05-CR-154

CHRISTOPHER L. JACKSON,

    Defendant.

## DECISION AND ORDER

    On June 21, 2005, the defendant, Christopher Jackson, was charged in a four-count indictment returned by a federal grand jury in this district. Currently pending is the defendant's motion to compel discovery and inspection filed on June 9, 2006. (Docket ##67, 68).[1] In the motion, the defendant seeks disclosure of an extensive list of documents, records, grand jury transcripts, information, physical evidence, and other tangible objects related to this case.

    At the outset, this court notes that the government indicated at the defendant's arraignment and plea hearing that it was following its "open file" policy in this case.[2] In addition, the court ordered the government to turn over to the defendant all relevant grand jury information one business day before the commencement of trial. Therefore, many of the defendant's discovery requests are moot.

---

[1] The defendant filed two virtually identical motions to compel discovery and for inspection. However, the motion filed on June 8, 2006, (Docket #67) was unsigned and undated.

[2] See Criminal L.R. 16.1(b) (E.D. Wis.) for the definition of the "open file" policy.

Nonetheless, the defendant's motion is not accompanied by a statement mandated by Criminal Local Rule 16.1(a) (E.D. Wis.). The local rule, which is referenced in the Pretrial Order issued to the parties at the arraignment, requires that all discovery motions be accompanied by a statement of counsel that the parties have met and conferred and that they are unable to resolve their discovery dispute. Rule 16.1(a) specifically provides in relevant part:

> If the government is following the open file policy, the government need not respond to and the Court <u>must</u> not hear any motion for discovery under Fed.R.Crim.P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (I) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

(emphasis added); <u>see</u> <u>also</u>, <u>United States v. Molinaro</u>, 683 F. Supp. 205, 209 (E.D. Wis. 1988) (Motions that fail to meet the requirements of the local rule are summarily dismissed.).

According, for the reasons stated herein, the defendant's motion to compel discovery and inspection (Docket #68) will be denied. The defendant's duplicate, but unsigned, motion to compel discovery and inspection (Docket #67) will also be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that defendant Christopher L. Jackson's motion to compel discovery and inspection be and hereby is **denied**. (Docket #68).

**IT IS FURTHER ORDERED** that defendant Christopher L. Jackson's duplicate, but unsigned, motion to compel discovery and inspection be and hereby is **denied**. (Docket #67)

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge